IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge John L. Kane**

**Civil Action No. 00-cv-2331-JLK**

**D'ARCY W. STRAUB,**

    Plaintiff/Counterclaim Defendant

v.

**DAVID LAZAROFF,**

    Defendant/Counterclaim Plaintiff

---

**ORDER ON MOTION TO RECUSE**

---

**Kane, J.**

The Plaintiff and Counterclaim Defendant, D'Arcy W. Straub, has moved me to recuse in this case and states as grounds therefore that "At the Final Trial Preparation Conference on August 4, 2005, the Court disclosed to the parties that he was familiar with, and had contributed to the political campaign of Counterclaim-Plaintiff's recently disclosed witness, Mr. Alby Segall. The Court invited the parties to file a motion for recusal if they deemed it appropriate." The statement is essentially correct though some clarification is necessary. Mr. Segall was a candidate for city councilman in a non-partisan municipal election. I stated I could not recall, but may have contributed to Mr. Segall's unsuccessful campaign. (I know him fairly well and am certain I voted for him.) More to the point, I was indeed duty bound to disclose these facts to the parties and advised rather than invited

them to file a motion to recuse if either or both parties deemed it appropriate.

The motion is now before me. As correctly stated in the motion, a judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias. An exception is made where the facts creating the appearance are disclosed and all parties litigant consent to the judge continuing to preside. (Other exceptions not relevant here exist.)

Having been notified of the opposing party's intent to file the instant motion, the Defendant and Counterclaim-Plaintiff advised the Court and the opposition that he would withdraw the endorsement of Mr. Segall as a witness. To be succinct, it is not possible to unscramble an egg or unring a bell. Whether now called as a witness or not, my relationship with Mr. Segall, the Defendant and Counterclaim-Plaintiff's employer, gives rise to an appearance of impropriety such that no matter which way I might rule in the trial to court, the integrity of that decision would be subject to question. This might not be so if the Defendant and Counterclaim-Plaintiff were one of many employees and the employer-employee relationship was merely formal, but such is not the case and my knowledge of Mr. Segall and his activities obtained by me personally rather than publicly and outside the court process presents precisely the kind of appearance that requires recusal.

As stated previously of record, this case has been unduly delayed in reaching trial for a number of reasons, not the least of which was my absence from the bench for approximately six months due to illness, surgery and related treatment. Neither party

should be further inconvenienced and so I advise the parties that they may obtain an early trial date by consenting to trial before a United States Magistrate Judge. If such consent is not agreeable, I will request the Clerk of the District Court to advise the judge to whom this case is assigned that it is indeed ready for a one-day trial and that an early trial date is in the interests of justice.

The Motion to Recuse is **GRANTED**.

Dated at Denver, Colorado this 11th day of August, 2005.

BY THE COURT:

 s/ John L. Kane
SENIOR U.S. DISTRICT JUDGE