IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 00-cv-02331-MSK

D'ARCY W. STRAUB; and
PEAKREGISTER.COM, L.L.C.,

    Plaintiffs and Counterclaim Defendants,

v.

DAVID LAZAROFF,

    Defendant and Counterclaimant,

v.

STUART R. SPATH,

    Counterclaim Defendant.

---

## ORDER DENYING MOTION TO REOPEN CASE

---

**THIS MATTER** comes before the Court on Plaintiff D'Arcy Straub's Motion to Reopen Case **(#114)** and brief in support **(#115)**, to which Defendant David Lazaroff responded **(#119,120)**, Mr. Straub replied **(#121,122)**, Mr. Lazaroff filed a surreply (labeled a response to reply) **(#123)**, and Mr. Straub filed a sur-surreply **(#124)**.[1]

---

[1] Neither party obtained permission to file a surreply or sur-surreply. However, because the arguments raised in these pleadings do not materially affect the Court's determination of the Motion to Reopen, the Court need not determine whether such pleadings are appropriately before this Court.

## I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## II. Material Facts

The facts relevant to the Motion to Reopen pertain to the procedural background rather than the substantive claims in the case. This trademark case began in Denver District Court. Mr. Lazaroff removed it in November 2000, and it was randomly assigned to Judge Kane. On April 14, 2003, the Court granted summary judgment to Mr. Lazaroff on all claims except Mr. Lazaroff's counterclaim for abuse of process (the "2003 Summary Judgment Order"). The Court denied Mr. Straub's Motion for Reconsideration of this Order.

Proceeding only on Mr. Lazaroff's counterclaim for abuse of process, a pretrial conference was held on June 6, 2005. The Court approved the parties' Final Pretrial Order, which included a listing of the parties' anticipated witnesses. Mr. Alby Segall was listed as a witness for Mr. Lazaroff. At the Trial Preparation Conference on August 4, 2005, Judge Kane advised the parties that he was acquainted with Mr. Segall and would recuse himself on this basis if the parties so requested.

On August 11, 2005, Mr. Straub moved for Judge Kane's recusal **(#105)**, which motion was granted **(#106)**.[2] The case was reassigned to Judge Nottingham, who held a status conference. The parties advised Judge Nottingham that they were participating in arbitration and were close to settlement. On August 25, 2005, the parties filed a stipulation of dismissal **(#112)**,

---

[2] In the Order of Recusal, Judge Kane stated "Mr. Segall was a candidate for city councilman in a non-partisan municipal election. I stated I could not recall, but may have contributed to Mr. Segall's unsuccessful campaign. (I know him fairly well and am certain I voted for him.)"

stating that they had resolved all claims and requesting that the action be dismissed with prejudice. Although a Rule 41(a)(1)(A)(ii) stipulation of dismissal is effective upon filing, an order of dismissal was entered (the "2005 Dismissal Order") **(#113)**.

### III. Issue Presented

Mr. Straub now moves to reopen the case and vacate the 2005 Dismissal Order and the 2003 Summary Judgment Order pursuant to Fed. R. Civ. P. 60(d)(3). He contends that both were the products of an *ex parte* conversation between Judge Kane and Mr. Segall. Mr. Lazaroff opposes reopening of the case on the grounds that the parties have settled.

### IV. Analysis

Fed. R. Civ. P. 60(d)(3) provides that a party may move to set aside a judgment or final order if it is based upon a fraud on the court. Fraud on the court is a fraud that impairs the impartial functioning of the judicial system, as compared to a fraud between the parties to the litigation. *See Zurich N. Am. V. Matrix Serv.*, 426 F.3d 1281, 1291 (10th Cir. 2005). *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). Generally, only intentional egregious conduct, such as bribery of a judge or members of a jury or the fabrication of evidence by an attorney, constitute fraud on the court. *See Buck*, 281 F.3d at 1341; *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995). Such fraud must be established by clear and convincing evidence and all doubts are resolved in favor of the finality of the judgment. *See Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996).

The Court takes the Mr. Straub's accusations seriously because they go to the heart of public confidence in the impartiality of judicial decisionmaking, however, having carefully reviewed the record, the Court denies Mr. Straub's motion for several reasons.

First, there is no final judgment that is subject to Rule 60(d)(3). The action was dismissed upon the parties' joint stipulation, in which they represented that all issues had been resolved by settlement following arbitration. Technically, the parties' stipulation was self effectuating and no order dismissing claims was necessary. However, the 2005 Dismissal Order was entered, and it is the only order in this case that is subject to Rule 60(d)(3). Mr. Straub does not challenge the fact that a settlement occurred nor that it resolved all claims in this action. Thus, the 2005 Dismissal Order, itself, was not based upon fraud.

Mr. Straub argues that the 2003 Summary Judgment Order was based upon fraud, but it is not a final order. An order granting summary judgment on some, but not all of the claims in an action, is interlocutory in nature unless a judgment is both entered and certified pursuant to Fed. R. Civ. P. 54(b). *See* Fed. R. Civ. P. 56; *Okla. Turnpike Auth. V. Bruner*, 259 F.3d 1236, 1241–42 (10th Cir. 2001). Because no judgment was entered or certified, the 2003 Summary Judgment Order remained interlocutory until the case was dismissed.

The Court understands that Mr. Straub's argument to relate to the settlement agreement that led to the dismissal of the claims in this action. He contends that the settlement agreement was premised, in part, upon the 2003 Summary Judgment Order, and that the 2003 Summary Judgment Order resulted from an alleged improper *ex parte* conversation between Judge Kane and Mr. Segall. Assuming, without deciding, that such a conversation occurred and tainted the 2003 Summary Judgment Order, Mr. Straub's contention is essentially that the settlement agreement is premised upon a mistake - that the 2003 Order was a legally correct determination. When an agreement is premised upon a mistake, of either fact or law, a party may challenge its

4

enforceability, but often this requires initiation of a new action.[3]

Finally, the Court finds that Mr. Straub waived review of the 2003 Order[4], and unreasonably delayed in bringing this motion. There is nothing before the Court to suggest that concerns expressed by Mr. Straub are the result of newly discovered information or that he was unable to raise them before the case was dismissed. Indeed, all of the facts that Mr. Straub now contends suggest[5] the existence of an *ex parte* communication were in existence and known to him at the time he entered the settlement agreement. Any concerns that Mr. Straub had with regard to the 2003 Summary Judgment Order could have been raised before Judge Nottingham at any time before the case was voluntarily dismissed, however none were raised. Instead, he apparently proceeded to arbitration and to settle his claims, waiving his right to object to the 2003 Summary Judgment Order. In addition, no justification has been shown for waiting six years to express these concerns. Accordingly, the Court finds that Mr. Straub has waived any objection to the 2003 Summary Judgment Order in this case.

---

[3]There is some question as to whether this Court would have subject matter jurisdiction to determine whether the settlement agreement is enforceable. Removal of this action from state court was premised upon claim implicating a federal question. Because all claims were dismissed without any reservation of jurisdiction, there is no remaining federal question. In addition, it appears from the record that the parties are not diverse.

[4] Although there is not a set deadline or statute of limitations for raising the issue of fraud on the court, unexplained delays bear on the basic concept of the finality of judgments. *See Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). Moreover, the doctrine of waiver is not a judicially or statutorily defined period, but rather a consequence of a party's own actions. *See United States v. Aptt*, 354 F.3d 1269, 1281 (10th Cir. 2004) (noting that waiver is the "intentional relinquishment or abandonment of an known right").

[5] The assertion that there was an *ex parte* communication between Judge Kane and Mr. Segall that led to the 2003 Summary Judgment Order is premised upon inference, speculation, and conjecture.

**IT IS THEREFORE ORDERED** that Plaintiff D'Arcy Straub's Motion to Reopen Case **(#114)** is **DENIED**.

Dated this 14th day of May, 2010

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge